IRA P. ROTHKEN (CA SBN 160029)
JARED R. SMITH (CA SBN 130343)
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone: (415) 924-4250
Facsimile: (415) 924-2905
Email: ira@techfirm.com
Email: jared@techfirm.com

JOHN R. PARKER, JR., (CA SBN 257761)
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800 (voice)
Facsimile: (916) 669-4499 (fax)
Email: jparker@kcrlegal.com

Counsel for Plaintiffs
JENNIFER SUE PATRICK and SCOTT LEWIS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER SUE PATRICK, an individual and SCOTT LEWIS, an individual on Behalf of Themselves and for the Benefit of All with the Common or General Interest, Any Persons Injured, and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CARRIER IQ, INC., a Delaware corporation and Does 1 to 100, inclusive<br><br>    Defendants. | Civ. Action No. 5:11-cv-05842-PSG<br><br>**CLASS ACTION**<br><br>NOTICE OF ADMINISTRATIVE MOTION AND MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (LR 3-12)<br><br>*RELATED CASES:*<br>    *Kenny et al v. Carrier IQ, Inc et al,*<br>        Case No.  5:11-cv-05774-PSG<br>    *Steiner v. Carrier IQ, Inc,*<br>        Case No.  5:11-cv-05802-HRL<br>    *Thomas, et al v. Carrier IQ Inc, et al,*<br>        Case No.  5:11-cv-05819-HRL<br>    *Pipkin et al v. Carrier IQ, Inc et al,*<br>        Case No.  5:11-cv-05820-HRL<br>    *Silvera et al v. Carrier IQ, Inc et al,*<br>        Case No.  3:11-cv-05821-SI<br>    *Padilla et al v. Carrier IQ, Inc,*<br>        Case No.  5:11-cv-05975-HRL |

ADMINISTRATIVE MOTION TO CONSIDER        - 1 -
WHETHER CASES SHOULD BE RELATED (LR 3-
12)

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, pursuant to Local Rule 3-12, Plaintiffs JENNIFER SUE

PATRICK and SCOTT LEWIS in Case No. 5:11-cv-05842-PSG (collectively, "Plaintiffs")

administratively move that the additional actions identified herein be related to action number

5:11-cv-05774-PSG, as they involve all or a material part of the same subject matter and all or

substantially all of the same parties as this action, are currently pending in this federal district and

action number 5:11-cv-05774-PSG is the lowest numbered, first filed action.  Additional related

actions have been filed in other federal districts, including, but not limited to:

| | | |
|---|---|---|
| McKeen v. Carrier IQ, Inc. et al | District of Conn. | 3:2011-cv-01895 |
| Pacilli et al v. Carrier IQ Inc. et al | District of Delaware | 1:2011-cv-01199 |
| Schmidt et al v. Carrier IQ, Inc. et al | SD Florida | 1:2011-cv-24352 |
| Janek  v. Carrier IQ, Inc., et al. | ND Illinois | 1:2011-cv-08564 |
| Wilson v. Carrier IQ, Inc. | ND Illinois | 1:2011-cv-08579 |
| Conley et al v. Carrier IQ, Inc. | SD Illinois | 3:2011-cv-01059 |
| Ferreira v. Carrier IQ, Inc. | District of Mass. | 1:2011-cv-12146 |
| Libby v. Carrier IQ, Inc. et al | District of Mass. | 1:2011-cv-12150 |
| Elliott et al v. Carrier IQ, Inc. et al | ED Missouri | 4:2011-cv-02095 |
| Cosme v. Carrier IQ, Inc. et al | ED Texas | 1:2011-cv-00689 |
| Link v. Carrier IQ, Inc. et al | District of RI | 1:2011-cv-00603 |

and there is currently pending a motion to transfer before the Judicial Panel for Multi-District

Litigation ("JPML"), entitled, IN RE: Carrier IQ, Inc., Consumer Privacy Litigation, MDL

Docket No: 2330, suggesting the Northern District of California as the transferee Court filed by

Plaintiffs Daniel Pipkin and Chad Ulrich, Northern District Case No.  5:11-cv-05820-HRL.

The action identified herein all involve claims against CARRIER IQ, INC. ("CARRIER

IQ" or "CIQ") arising from the common facts and circumstances that Carrier IQ's software

("Rootkit Software" or "Carrier IQ Software") in mobile devices intercepted private data from

owners' smartphone computing devices and Carrier IQ stored such data on Carrier IQ's servers

without prior notification to or authorization by the owners.

Several actions have named, in addition to Carrier IQ, the following manufacturers and/or

carriers: HTC CORPORATION, HTC AMERICA, INC., SAMSUNG ELECTRONICS CO.,

LTD., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,

1  SAMSUNG TELECOMMUNICATIONS AMERICA, INC., AT&T, INC., SPRINT

2  COMMUNICATIONS COMPANY, L.P.

3        All the actions have a common nucleus of alleged facts and a substantial overlap on some

4  subset of the following causes of action:

5        Violation of the California Consumer Protection Against Computer Spyware Act;
       Violation of the Electronic Communications Privacy Act;
6        Violation of the Computer Fraud and Abuse Act;
       Violation of Article 1, Section 1 of the California Constitution (Privacy);
7        Violation of California Penal Code §§631 And 637.2;
       Violation of Cal. Bus. & Prof. Code § 17200;
8        Violations of the California Privacy Act;
       Trespass to Chattel;
9

10        Since these actions involve substantially similar claims for relief, against the same lead

11  defendant, concerning substantially the same affected nationwide consumer class of mobile

12  device users whose mobile devices contain the Carrier IQ software, and the same property,

13  services, transaction and event - i.e. that Carrier IQ's software ("Rootkit Software" or "Carrier IQ

14  Software") in mobile devices intercepted private data from owners' smartphone computing

15  devices and Carrier IQ stored such data on Carrier IQ's servers without prior notification to or

16  authorization by the owners and other wrongs by defendants, and the same or similar damages to

17  the consumer class, transfer and consolidation is appropriate.

18        Relating the action identified herein in a single judicial district for coordinated and/or

19  consolidated proceedings will promote the just and efficient conduct of these actions, will serve

20  the convenience of all parties and witnesses, and will promote the interests of justice, because all

21  actions involve the same class of persons, as well as common factual and legal issues.  All of the

22  cases are in the very early stages of their respective litigations and parties would not be unduly

23  prejudiced by transfer.  Relating these actions will be for the convenience of the parties and

24  witnesses and promote the just and efficient conduct of these actions, because it is expected that

25  plaintiffs' counsel in all actions will take discovery of similar witnesses and documents primarily

26  located at Defendants' offices in California.  Moreover, relating the actions to a single court for

27  coordinated and/or consolidated proceedings will conserve judicial resources, reduce litigation

28  costs, prevent potentially inconsistent pretrial rulings, avoid duplicative discovery, and permit the

   cases to proceed to trial more efficiently.

ADMINISTRATIVE MOTION TO CONSIDER        - 3 -
WHETHER CASES SHOULD BE RELATED (LR 3-
12)

Pursuant to Local Rule 3-12 and 3-13, as the first filed action in the Northern District of California with the lowest case number, all pending cases should be related to and/or coordinated with *Kenny et al v. Carrier IQ, Inc et al,* Case No.  5:11-cv-05774-PSG.

DATED:  December 7, 2011                          ROTHKEN LAW FIRM

By:     Ira P. Rothken, Esq., (State Bar #160029)

Counsel for Plaintiffs
JENNIFER SUE PATRICK and SCOTT LEWIS Ira
P. Rothken, Esq., (State Bar #160029)
Email: ira@techfirm.net
Jared R. Smith (State Bar No. 130363)
Email: jared@techfirm.net
ROTHKEN LAW FIRM
3 Hamilton Landing, Ste 280
Novato, CA  94949
Telephone: (415) 924-4250
Facsimile:  (415) 924-2905

John R. Parker, Jr. (State Bar No. 257761)
Email: jparker@kcrlegal.com
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, California 95864
(916) 448-9800 (voice)
(916) 669-4499 (fax)

## CERTIFICATE OF SERVICE

I, Jared R. Smith, certify that I served the above document and the proposed order on counsel for all parties that have appeared in the above-referenced actions via ECF.

Dated: December 7, 2011                          _____

ADMINISTRATIVE MOTION TO CONSIDER          - 4 -
WHETHER CASES SHOULD BE RELATED (LR 3-12)