STEVEN J. SKIKOS (SBN 148110)
sskikos@skikoscrawford.com
MARK G. CRAWFOD (SBN 136501)
mcrawford@skikoscrawford.com
SKIKOS, CRAWFORD, SKIKOS &
JOSEPH LLP
625 Market Street, 11th Floor
San Francisco, CA 94105
Telephone:     (415) 546-7300
Facsimile:     (415) 546-7301

Attorneys for Plaintiffs

*Additional counsel listed on signature page*

HENRY WEISSMANN (SBN 132418)
Henry.Weissmann@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

ROSEMARIE T. RING (SBN 220769)
Rose.Ring@mto.com
JONATHAN H. BLAVIN (SBN 230269)
Jonathan.Blavin@mto.com
VICTORIA L. BOESCH (SBN 228561)
Victoria.Boesch@mto.com
BRYAN H. HECKENLIVELY (SBN 279140)
Bryan.Heckenlively@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4007

Attorneys for Defendant
HTC America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROWENA SILVERA and ANDREW SANDERS, Individually, and on Behalf of all Similarly Situated Persons,<br><br>Plaintiffs,<br><br>v.<br><br>CARRIER IQ, INC., SAMSUNG ELECTRONICS AMERICA, INC., HTC AMERICA INC., AT&T, INC. SPRINT COMMUNICATIONS COMPANY, L.P., JOHN DOE MANUFACTURERS (1-10), JOHN DOE CARRIERS (1-10),<br><br>Defendant. | CASE NO.  5:11-CV-05821-EJD<br><br>**STIPULATION RE: EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO COMPLAINT AND [PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT** |

WHEREAS the above-referenced plaintiffs filed the above-captioned case;

WHEREAS the above-referenced plaintiffs allege violations of the Federal Wiretap Act and other laws by the defendants in this case;

WHEREAS over 50 other complaints have been filed to-date in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of cellular telephone and other device users on whose devices software made by defendant Carrier IQ, Inc. is or has been embedded (collectively, including the above-captioned matter, the "CIQ cases");

WHEREAS, a motion is pending before the Judicial Panel on Multidistrict Litigation to transfer the CIQ cases to this jurisdiction for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. Sec. 1407, responses to the motion supporting coordination or consolidation have been filed, and plaintiffs and defendants anticipate that additional responses will be filed;

WHEREAS plaintiffs anticipate the possibility of one or more consolidated amended complaints in the CIQ cases;

WHEREAS plaintiffs and defendant HTC America, Inc. have agreed that an orderly schedule for any response to the pleadings in the CIQ cases would be more efficient for the parties and for the Court;

WHEREAS plaintiffs agree that the deadline for defendant HTC America, Inc. to answer, move, or otherwise respond to their complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a consolidated amended complaint in the CIQ cases; or (2) forty-five days after plaintiffs provide written notice to defendants that plaintiffs do not intend to file a consolidated amended complaint; or (3) as otherwise ordered by this Court or the MDL transferee court; *provided*, however, that in the event that HTC America, Inc. should agree to an earlier response date in any of these cases, HTC America, Inc. will respond to the complaint in the above-captioned action on that earlier date;

WHEREAS this Stipulation does not constitute a waiver by HTC America, Inc. of

16032000.1      - 2 -      STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT
CASE NO. 5:11-CV-05821-EJD

any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process;

WHEREAS, this Stipulation does not constitute a waiver by plaintiffs to move for a preliminary injunction, motion for expedited discovery or any other pre-answer motion against HTC America, Inc. or any other defendant and HTC America, Inc. agrees that this Stipulation shall not be the basis for objection to said motions; and

WHEREAS, this Stipulation does not constitute a waiver by HTC America, Inc. of any defense or objection to any motion for a preliminary injunction, motion for expedited discovery or any other pre-answer motion filed by plaintiffs, including but not limited to moving to stay the action; and

WHEREAS, plaintiffs and defendant HTC America, Inc., agree that preservation of evidence in the CIQ cases is vital, that defendants have received litigation hold letters, that they are complying with and will continue to comply with all of their evidence preservation obligations under governing law, and that that the delay brought about by this Stipulation should not result in the loss of any evidence,

Now, therefore, pursuant to Civil Local Rule 7-12, plaintiffs in the above-referenced case and defendant HTC America, Inc., by and through their respective counsel of record, hereby stipulate as follows:

1. The deadline for HTC America, Inc. to answer, move, or otherwise respond to plaintiffs' complaint shall be extended until the earliest of the following dates: forty-five days after the filing of a consolidated amended complaint in these cases; or forty-five days after plaintiffs provide written notice to defendant HTC America, Inc. that plaintiffs do not intend to file a Consolidated Amended Complaint; or as otherwise ordered by this Court or the MDL transferee court; *provided*, however, that in the event that HTC America, Inc. should agree to an earlier response date in any of these cases, except by court order, HTC America, Inc. will respond to the complaint in the above-captioned case on that earlier date.

16032000.1 - 3 - STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT
CASE NO. 5:11-CV-05821-EJD

2. This Stipulation does not constitute a waiver by HTC America, Inc. of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process, or service of process.

3. As a condition of entry into this Stipulation, defendant HTC America, Inc. and the plaintiffs, agree that they are complying with and will continue to comply with all evidentiary preservation obligations under governing law.

IT IS SO STIPULATED.

DATED: December 22, 2011            HERMAN GEREL LLP


                                    By: */s/ Christopher V. Tisi*
                                         Christopher V. Tisi

                                    Attorneys for Plaintiffs

DATED: December 22, 2011            MUNGER, TOLLES & OLSON LLP


                                    By: */s/ Rosemarie T. Ring*
                                         Rosemarie T. Ring

                                    Attorneys for Defendant
                                    HTC America, Inc.

                                                   RESPOND TO COMPLAINT
                                                   CASE NO. 5:11-CV-05821-EJD

*Additional Counsel for Plaintiffs:*

HERMAN GEREL LLP

Maury A. Herman
mherman@hhkc.com
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone:   (504) 581-4892
Facsimile:    (501) 561-6024

Christopher V. Tisi
cvtisi@aol.com
2000 L Street, NW Suite 400
Washington, D.C. 20036
Telephone:   (202) 783-6400
Facsimile:    (202) 416-6392

Andrea S. Hirsch
ahirsch@hermangerel.com
230 Peachtree Street, Suite 2260
Atlanta, GA 30303
Telephone:   (404) 880-9500
Facsimile:    (404) 880-9605

16032000.1 — - 5 - — STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT
CASE NO. 5:11-CV-05821-EJD

**[PROPOSED] ORDER**

Pursuant to stipulation, it is SO ORDERED.

Dated: December 28, 2011

Honorable Edward J. Davila
United States District Judge

**CERTIFICATION**

I, Rosemarie T. Ring, am the ECF User whose identification and password are being used to file this STIPULATION RE: EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO COMPLAINT AND [PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT. In compliance with General Order 45.X.B., I hereby attest that Christopher V. Tisi concurred in this filing.